UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMED S. WIDDI, | ) | CASE NO.: 1:06CV29 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **JUDGMENT** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Petitioner Mohammed S. Widdi's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court has not required the Government to file a response. Under § 2255, "[A] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." There are three bases on which a motion under §2255 must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. U.S.,* 268 F.3d 346, 351 (6th Cir. 2001). It is also noted that challenge to a defendant's sentence generally cannot be made for the first time in a § 2255 post-conviction motion. *See Grant v. U.S.,* 72 F.3d 503, 505-06 (6th Cir. 1996). These issues are normally to be included in a direct appeal or they are waived. *U.S. v. Schlesinger,* 49 F.3d 483, 485 (9th Cir. 1994).

Although alleged in the Motion, the basis for Petitioner's Motion does not rise to the level of an error of constitutional magnitude. Petitioner claims that because the

Bureau of Prisons has discontinued its Boot Camp program, he has be deprived of certain benefits, including:

> i. After serving 6 months in an ICC, the inmate may be transferred to community confinement (CCC), usually in the inmate's home community.
> ii. If the inmate successfully completes the CCC portion of the sentence, he or she may serve the remainder of the sentence in home confinement.
> iii. Upon successful completion of the ICC and CCC portions of the sentence, the inmate may be eligible for a sentence reduction.

Petitioner's Motion, pp. 1-2. Petitioner does note that "a recommendation from the sentencing court does not guarantee participation in ICC." *Id.* at 1, para. 5. Additionally, Petitioner was repeatedly told by this Court that the recommendation was subject to the Bureau of Prisons and only if and when Petitioner would become eligible.

Upon review of Petitioner's claim, it is determined from the Motion, files, and records conclusively that Petitioner is entitled to no relief. Therefore, the Court will not cause notice to be served upon the United States attorney and chooses not to hold a hearing on the Motion. The reason for this is because entrance in to Boot Camp was not part of Petitioner's sentence and was merely a recommendation by the Court made at the request of Petitioner's counsel on the day of sentencing. Additionally, this Court has no authority to designate the place of Petitioner's confinement as the Attorney General of the United States has sole jurisdiction to do so. *U.S. v. Herb,* 436 F.2d 566, 568 (6th Cir. 1971) (per curiam); 18 U.S.C. § 4082.

Based on the above, the Court cannot find that the Bureau of Prison's decision to terminate the program rises to the level of an error of constitutional magnitude entitling Petitioner to the relief sought. Petitioner's Motion to Vacate, Set Aside or Correct

Sentence Pursuant to 28 U.S.C. § 2255 is hereby DENIED and the above action is DISMISSED.

 The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealibility.

 So ordered.

              _____*s/ Judge John R. Adams*_ 3/27/06___
              JUDGE JOHN R. ADAMS
              UNITED STATES DISTRICT COURT